IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jeffrey Zenon, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Prime Time Healthcare, LLC, | ) | Case No. 1:25-cv-097 |
| | ) | |
| Defendant. | ) | |

In its Answer to Plaintiff's Complaint, Defendant asserted a number of defenses and affirmative defenses, one of which was that "[t]he Court lacks jurisdiction over this matter because any disputes between the parties are governed by an Arbitration Agreement signed by both parties, which subjects all disputes to binding arbitration." (Doc. No. 17).

On May 12, 2025, Plaintiff filed a Motion to Strike Arbitration Agreement and a response to Defendant's Answer. (Doc. Nos. 10 and 11. In his motion, he requests that the court "strike" the Arbitration Agreement, asserting that he entered the agreement under false pretenses and that is therefore void.

On May 22, 2025, Defendant filed what the court construes as a response to Plaintiff's Motion to Strike. (Doc. No. 18). It asserts that Plaintiff's motion and not its defense should be stricken as "there are no issues in Plaintiff's motion that are ripe for a determination by the Court at this time, there is no legal authority or basis to strike an agreement that exists between the parties, nor is a motion to strike a proper motion or vehicle for the apparent 'relief' sought by Plaintiff." It further asserts that Plaintiff's response to its Answer should be stricken as it was filed without leave of court and is otherwise redundant.

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an

1

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (citation and quotation marks omitted).  In considering whether to strike any such materials from a pleading, the court must accept the facts alleged in the at-issue pleading as true." J. Swanson & Co., LLC v. Rejuvenating Nutrition Coaching, LLC, No. 23-CV-1323 (PJS/LIB), 2023 WL 7299145, at *2 (D. Minn. Oct. 12, 2023).  "Any doubt as to the striking of matters in a pleading should be resolved in favor of the pleading." Id.

Exercising its discretion and accepting all facts alleged in the Answer as true, the court is disinclined to "strike" the parties' Arbitration Agreement.  Plaintiff does not assert and it does not otherwise appear to the court that Defendant has failed to sufficiently plead its defense.  Moreover, Plaintiff is not seeking to strike anything from the pleadings but rather the Arbitration Agreement itself.  Defendant is correct that a motion strike is not a proper vehicle for such relief.  Plaintiff's motion (Doc. No.11) is therefore **DENIED**.  Defendant's request to strike Plaintiff's response to its Answer is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of May, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court