IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jeffrey Zenon, | ) | |
| | ) | |
|     Plaintiff, | ) | **ORDER DENYING MOTIONS FOR** |
| | ) | **PROTECTIVE ORDER AND TO STAY** |
| v. | ) | **DISCOVERY REQUESTS** |
| | ) | |
| Prime Time Healthcare, LLC, | ) | Case No.: 1:25-cv-00097 |
| | ) | |
|     Defendant. | ) | |

On August 12, 2025, Plaintiff Jeffrey Zenon ("Plaintiff") filed a *Motion for Protective Order*. (Doc. No. 29). Therein, Plaintiff argues "due to the lack of legal justification, good faith, and compliance with a court order by Defendant, as well as the Plaintiff's involuntary exclusion for the drafting of a discovery plan and protective order, and disregard for the Plaintiff's insights for setting any discovery deadlines (*already filed on the court's docket*), justice would so require for the granting of this motion." (*Id.* at 4).

On August 25, 2025, Plaintiff filed a *Motion to Stay Discovery Requests*. (Doc. No. 33). Plaintiff requests the court stay the deadline associated with the Request for Production of Documents and Interrogatories until a decision has been made on the motion for protective order.

On August 26, 2025, Defendant filed a response in opposition to Plaintiff's motion for protective order, arguing Plaintiff filed the motion to avoid discovery obligations in response to being served with the First Set of Interrogatories and Request for Production of Documents on August 6, 2025. Defendant further asserts the motion is procedurally improper and substantively without merit, and Plaintiff failed to confer with Defendant as required under local rule or show good cause under the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 26(c) provides that a party may move for protective order in the court where the action is pending, but the motion must include certification that the movant has in good faith conferred or attempted to confer with the other parties. Fed. R. Civ. P. 26(c)(1). For good cause, the court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* The parties are also subject to the District of North Dakota's local rules. Specifically, Local Rule 37.1 provides:

> The parties may not file a discovery motion (e.g., a motion to compel discovery, motion for sanctions, or motion for protective order) until the parties have conferred, either in person or by telephone, for the purpose of making a reasonable, good faith effort to resolve the dispute without involving the court.

D.N.D. Civ. L. R. 37.1(A). In addition to the parties' obligation to confer, a discovery motion must not be filed until the parties have participated in a telephonic conference with the assigned magistrate judge. D.N.D. Civ. L. R. 37.1(B). Failure to comply with these requirements may result in the denial of the motion. D.N.D. Civ. L. R. 37.1(C).

There is no indication from Plaintiff's motions that he attempted to confer or conferred in good faith with Defendant, nor did the parties engage in a telephonic conference with the court. Defendant's brief further supports that Plaintiff failed to engage in a meet and confer, noting "Plaintiff responded to Defendant's requests for discovery by immediately filing this Motion with the Court, which violates both obligations." (Doc. No. 35 at 3). Plaintiff's failure to comply with the requirements of the local rules is reason enough for this court to deny his motion. However, the court will also address whether Plaintiff has shown good cause.

The court may issue a protective order only upon a showing of good cause. The party seeking the protective order holds the burden of showing good cause exists to justify the issuance of the order. *Eberts v. Kawasaki Motors Corp., U.S.A.*, No. A1-02-43, 2003 WL 22097788, at *2 (D.N.D. Sept. 9, 2003). "A showing of good cause contemplates 'a particular and specific

demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id.* (quoting *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). Plaintiff appears to be requesting the protective order on the basis that Defendant's discovery requests are "irrelevant, cumulative, prejudic[ial], unduly burdensome for this case, and are intended to cause harassment, oppression, and annoyance to the Plaintiff." (Doc. No. 29 at 1). Plaintiff also objects to Defendant's request for "tax returns" and the disclosure of information from his cellular device. Plaintiff has not met his burden of showing good faith exists for the issuance of a protective order. Plaintiff's statements are conclusory and his request for a protective order appears to be based on his objection to answering aspects of Defendant's discovery requests.

As to the *Motion to Stay Discovery Requests* (Doc. No. 33), Plaintiff requests the court halt the deadlines associated with the Request for Production of Documents and Interrogatories until the court has made a decision on the pending motion for protective order. Plaintiff provides no other basis for his request.

For the reasons articulated above, Plaintiff's *Motion for Protective Order* (Doc. No. 29) is **DENIED**. Plaintiff's *Motion to Stay Discovery Requests* (Doc. No. 33) is also **DENIED**. Plaintiff is ordered to respond to Defendant's requests by the deadline of September 5, 2025.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2025.

>    */s/ Clare R. Hochhalter*
>    Clare R. Hochhalter, Magistrate Judge
>    United States District Court