# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jeffrey Zenon, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **RECUSAL** |
| vs. | ) | |
| | ) | |
| Prime Time Healthcare, LLC, | ) | Case No. 1:25-cv-097 |
| | ) | |
| Defendant. | ) | |

This case has been directly assigned to the District Court Judge Daniel Hovland, who has referred preliminary and non-dispositive matters to the undersigned.

On May 14, 2025, the undersigned issued an order scheduling a Rule 16(b) conference for June 17, 2025, and directing the parties to meet and confer to formulate a joint scheduling plan in the interim. (Doc. No. 16). Defendant submitted a proposed scheduling and discovery plan approximately two days prior to the Rule 16(b) conference. Therein, it advised that the parties had conferred in good faith but had not been able to agree upon a joint plan. (Doc. No. 26).

According to Defendant, prior to submitting its proposed scheduling and discovery plan, defense counsel met and conferred with Plaintiff over the telephone for approximately twenty minutes about the proposed plan and thereafter followed up with Plaintiff via email to summarize their earlier meeting and request feedback. (Doc. Nos. 49-3, 52-1 and 52-2). Plaintiff took the position that no further discovery was necessary and demanded a speedy trial. (Doc. No. 49-3). Defense counsel emailed a proposed plan to Plaintiff, who reiterated that he did not believe that additional discovery was required and in so doing asserted that the proposed plan's provision for discovery would "violate the integrity of grieving plaintiff in a case" and that discovery and all

that entailed could "be seen as form of extortion of the defendant by defendant's attorney . . [and] extremely prejudic[ial] to the Plaintiff . . . ."  (Doc. No. 49-3 at pp. 7-8).

On June 17, 2025, the undersigned convened the Rule 16(b) conference and, over Plaintiff's objection, adopted Defendant's proposed scheduling and discovery plan.  (Doc. No. 26).

On September 5, 2025, Plaintiff filed a "Motion for Order to Show Cause." (Doc. No. 43). Therein he asserted that defense counsel failed to meet and confer in good faith with him prior to the Rule 16(b) conference.  He further asserted that defense counsel falsely represented in Defendant's proposed scheduling and discovery plan that he (Plaintiff) had not agreed to a plan or the entry of a protective order. He requested that the court hold defense counsel in contempt and impose sanctions.

On September 19, 2025, Defendant filed a response in opposition to Plaintiff's motion. (Doc. No. 52).  Taking exception to Plaintiff's characterization of events, it asserted there was no basis for the undersigned to impose sanctions or otherwise hold defense counsel in contempt as defense counsel had conferred with Plaintiff first by telephone and later by email and thereafter submitted a plan that accurately reflected that Plaintiff had not agreed to its proposed scheduling and discovery deadlines.

On September 23, 2025, the undersigned convened a hearing on Plaintiff's motion. (Doc. No.  53). Following the hearing, finding no basis to hold defense counsel in contempt or impose sanctions, the undersigned issued an order denying Plaintiff's Motion for an Order to Show Cause. (Doc. No. 54).

On September 29, 2025, Plaintiff filed a "Motion for Recusal." (Doc. No. 55).  Objecting to the undersigned's order denying his "Motion for an Order to Show Cause," he seeks the undersigned's recusal.  He asserts:

2.     The Plaintiff objects to the decision made by the Honorable Clare R. [Hochhalter] to deny  his motion for an order to show cause, as Plaintiff believes that the decision was not made in good faith, was not considered in light of the Plaintiff, whose meet a *preponderance of evidence*, and was a blatant, serious and biased decision, made by the Federal Magistrate [Judge], Clare R. Hochhalter. Though clear and convincing evidence was presented to the court in support of Plaintiff's motion (*see exhibit #' 6 and 7 "already on the court's docket"*), the Magistrate [Judge] failed to fully analyze, understand, and fairly rule on most of Plaintiff's motion, indicating ("clearly erroneous and contrary to law") motives by the Magistrate [Judge].  If things were "turned the other way around," the Magistrate [Judge] would have sanctioned the Plaintiff for not complying with a court order.

3.     On the 17th of June, the Plaintiff respectfully asked for the Honorable Magistrate [Judge] to recuse himself, and to reveal any conflict of interest that he may have to the court, in order to uphold the integrity of the legal system, in order to promote fairness to the Plaintiff, and in order to avoid any potential partiality to the more experienced, powerful, resourceful Defendant and their attorneys.  The Plaintiff has felt that since then, that the Magistrate [Judge] is likely to show judicial bias towards the Plaintiff, as the Plaintiff presented to the Magistrate [Judge] via email communications on the same day, clear and convincing evidence that the Defendants attorneys (*"Cory Strecker"*), has failed to participate in good faith, in regards to the drafting of a *joint* stipulated discovery plan and protective order The evidence will show that counsel that counsel submitted his own discovery plan and protective order, after explicitly asking for feedback from the Plaintiff in order to *"mark his positions"*, but then proceed to dismiss the Plaintiff, and file his proposed plan a day earlier, on the 12th of June.  Though the Plaintiff reached out the Defendants counsel on the 11th of June, giving counsel more than a reasonable time to consider or explain why they could *"not propose a joint stipulations"*, the counsel proceed to inform the Plaintiff of not being able to propose joint stipulations on the 12th of June, which is the same day he submitted his plans to the Magistrate [Judge].

4.     What this deception was mislead the Magistrate [Judge], or attempt to mislead the Magistrate [Judge], by making it seem like the Plaintiff did not propose his own plans, when the of the matter is that the Defendants counsel "forbidden" this from happening.  This constitutes a lack of good faith participation, which violates the court's scheduling order (see order filed on the court's docket from the 14th of May.  By the Magistrate denying the Plaintiff's motion for an order to show cause against "Cory Strecker"), that constitutes a ruling being made in bath faith by the Magistrate  [Judge], and is contrary to law. The Magistrate [Judge] has also allowed the Defendant's counsel to make a false statement (see exhibit #3, "already on the court's docket.").

5.  . . . The Magistrate [Judge] on the court's transcripts for the contempt hearing, started off the telephonic conference by stating "Western Horizons," after my name,

which is an employer who has wrongfully terminated me, and is an active Defendant for an ongoing discrimination case, at the state level, in state court. The Defendant for this case is Prime Time Healthcare, LLC, not Western Horizons. This leads Plaintiff to believe that the Magistrate [Judge's] main concentration is "other lawsuits," and not on the focus and core issues of this case, 1:25-CV-97. The Plaintiff feels that the Magistrate Judge is retaliating against the Plaintiff for having been a victim of racial discrimination, retaliation, and wrongful termination, by other employers in this state, which the Plaintiff is clearly not at fault for. On the 28th of August, the Magistrate mysteriously issues an Order to Show Cause to the Plaintiff, for the case against West River Health Services (1:25-CV-088), an affiliate of Western Horizons Care Center, after the statute of limits expired, for the current state court case against West River Health Services (:"01-2025-CV-0012"), had a pending motion to declare Plaintiff ("Jeffrey Zenon") as a vexatious litigant . . . . That motion was filed by MacKenzie Lee Hertz, a known affiant of the United States District Court of North Dakota, who needed the Plaintiff to appear as a ("vexatious litigant"), in order for the state to grant the motion against him. The Magistrate['｜s random Order to Show Cause for the Plaintiff of the Federal West River Health Services cases ("1:25-CV-088"), could have cost the Plaintiff significant harm, if the Plaintiff was not suspicious, and simply and politely asked for the federal case to be dismissed, as the state court cases are already ongoing. The vexatious motion, in state court, has since been *denied*.

6.    The Federal Magistrate [Judge], Clare R. Hochhalter, has deliberately allowed the Defendant and their counsel to wrongfully harass, oppress and humiliate the Plaintiff, in the worst of ways. Along with this motion, the Plaintiff will provide the court with exhibits in support on this motion, one which detail the comment about the Magistrate [Judge] revealing his "conflict of interest", if it exists, as well as the same piece of evidence that will clarify the Plaintiff's view on "it could been as extortion", for the reason of, "charging their client for services they do not need". The Magistrate [Judge] did not allow the Plaintiff to explain during their show cause hearing, on the 23rd of September, and instead, told the Plaintiff, "no you may not, no you may not", after the Plaintiff asked, "Your Honor, May I?", so that the Plaintiff can explain what he meant by the extortion comment in the in the email.

(Doc. No. 55) (errors and emphasis in original). Additionally, he asserts that the undersigned evinced bias against him at the Rule 16(b) conference by scheduling a jury trial in this matter even though both parties had requested a bench trial.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further

4

therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 940 (9th Cir.1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984) (citations omitted))

Armed with the facts, the likelihood that a reasonable person would find the undersigned impartial or unbiased is beyond remote. The record reflects that the parties met and conferred prior to the Rule 16(b) as directed. It also reflects that statement made by defense counsel regarding Plaintiff's position (that Plaintiff did not agree with the deadlines proposed) were accurate and that the court adopted the proposed plan after affording Plaintiff an opportunity to articulate his position with respect to scheduling and discovery. As the undersigned explained at the Rule 16(b) conference and motion hearing, Plaintiff's and Defendant's disagreement regarding the necessity for discovery prior to trial and Defendant's submission of a proposed plan with the notation that Plaintiff had not agreed to it does not constitute evidence of bad faith and does not warrant the imposition of sanctions on defense counsel. In the undersigned's experience, parties are on occasion unable to agree on everything encompassed in a scheduling and discovery plan and will submit alternatives deadlines for the court to consider. Yes, defense counsel did not incorporate alternative dates suggested by Plaintiff into the proposed plan they submitted in advance of the scheduling conference. However, it stands to reason that the lack of alternative dates in the proposed plan is attributable to Plaintiff's position that discovery is unnecessary and that this matter can and should proceed immediately to trial. Further, at the scheduling conference, Plaintiff was given the opportunity make his own proposal.

The undersigned's adoption of defense counsel's proposed plan and denial of Plaintiff's Motion for an Order to Show Cause in no way demonstrates bias or partiality in the instant case. The undersigned appreciates that Plaintiff would like to expedite matters. However, as the undersigned explained at the Rule 16(b) conference and motion hearing, the rules permit Defendant (and Plaintiff) to conduct discovery in this case. Thus, it was perfectly appropriate for the undersigned to adopt a plan that made allowances for discovery and afforded the parties reasonable to time to conduct it as opposed dispense with discovery as suggested by Plaintiff and schedule this matter for trial in a matter of weeks or months.

The above-captioned action is one of three cases that Plaintiff filed with this court. See Zenon v. West River Health Services, Case No. 1:25-cv-088 (D.N.D.) ("Zenon II"); Zenon v. Western Horizons Care Center, Case No. 1:25-cv-89 (D.N.D.) ("Zenon III"). When convening the hearing in the instant case on Plaintiff's motion, the undersigned mistakenly referenced the defendant named in one of Plaintiff's other cases but made a prompt correction. This minor and accidental mistake made when speaking was unintentional, does not constitute evidence of animus or bias, and does not constitute a basis for recusal.

With respect to the undersigned's "admonishment" of Plaintiff at the September 23, 2025, hearing, it also does not constitute as basis for recusal. At the hearing, as the undersigned was summarizing the record, Plaintiff asked if he could interrupt and explain. The undersigned responded that he "may not" and continued. However, after summarizing the record, the undersigned afforded Plaintiff with multiple opportunities to provide explanation, argument, and context. The undersigned only concluded the hearing after being told by *both* sides there was nothing else that they wanted to address.

6

In regard to the order to show cause issued by the undersigned in one of Plaintiff's other cases,[1] three things are worth noting. First, the undersigned did not designate or otherwise characterize Plaintiff as a vexatious litigant. Second, this order has no bearing on the instant case. Third, this order was issued in fulfillment of the undersigned's statutory obligations under 28 U.S.C. § 1915(e)(2). Consequently, this order does not constitute a basis for recusal.

Plaintiff's request for the undersigned's recusal ultimately boils down to his dissatisfaction with the undersigned's adoption of Defendant's proposed scheduling and discovery plan and denial of his Motion for an Order to Show Cause. Such dissatisfaction is not a basis for the undersigned's recusal, however. See e.g., Leonard v. Monroe Cnty. Fla., 789 F. App'x 848, 851 (11th Cir. 2019) ( "[A] judge's adverse ruling – without more – is insufficient to demonstrate the requisite pervasive bias and prejudice against a party that would mandate recusal."). The United States Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Moran v. Clarke, 296 F.3d 638, 649 (8th Cir. 2002) ("[a]n unfavorable judicial ruling... does not raise an inference of bias or require the trial judge's recusal"). Plaintiff's Motion for Recusal (Doc. No. 55) is therefore **DENIED**.

With respect to the trial in this matter, Plaintiff has made it clear that he wants a bench as opposed to a jury trial. The undersigned notes that, in its proposed plan, Defendant had requested a court trial. Accordingly, the trial in this matter will be re-noticed as a bench trial.

---

[1] The undersigned issued an order to show cause in Zenon II on August 28, 2025. See Zenon II at Doc. No. 19. Identifying several pleadings deficiencies and noting that Plaintiff, by his own admission, had initiated parallel litigation in state court, the undersigned directed Plaintiff to address these deficiencies along with the applicability of the Colorado River abstention doctrine, which allows a federal court to, in exceptional circumstances, stay or dismiss a case in deference to parallel state court proceedings. See id. On September 5, 2025, Plaintiff filed a response to the order to show cause in which he requested that Zenon II be dismissed without prejudice "as the matter has been proceeding effectively [ ] at a state level." See id. at Doc. No. 20. On September 9, 2028, the court entered an order granting Plaintiff's motion and dismissing Zenon II without prejudice. See id. at Doc. No. 21.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2025.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court