**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jeffrey Zenon, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DIRECTING PROPER** |
| | ) | **SERVICE ON PLAINTIFF** |
| v. | ) | |
| | ) | |
| Prime Time Healthcare, LLC, | ) | Case No.: 1:25-cv-00097 |
| | ) | |
| Defendant. | ) | |

This matter was removed from state court to this court on April 29, 2025. (Doc. No. 1). On May 22, 2026, Defendant filed a *Motion for Summary Judgment*. (Doc. No. 67). Plaintiff responded to the motion on June 5, 2026, and Defendant replied on June 22, 2026. (Doc. Nos. 74, 76). On June 29, 2026, Plaintiff requested leave to file a sur-reply, which the court granted on June 30, 2026, and was filed with the court the same day. (Doc. Nos. 80, 81, 82). On July 1, 2026, Defendant requested leave to file a response to the sur-reply. (Doc. No. 83). The court granted this request, and on July 2, 2026, Defendant filed its response to Plaintiff's sur-reply. (Doc. Nos. 83, 84, 85). On July 8, 2026, Plaintiff filed a response, wherein he argued that Defendant failed to properly serve him with the request to file a response to Plaintiff's sur-reply.[1] (Doc. No. 86).

This court's local rules incorporate by reference the Administrative Policy Governing Electronic Filing and Service. D.N.D. Civ. L.R. 5.1(A). Pursuant to this policy, a filer must serve a paper copy of electronically filed documents on *pro se* parties. Administrative Policy Governing Electronic Filing and Service at p. 3, https://www.ndd.uscourts.gov/ecf/cm_ecf_policy.pdf. Because Plaintiff is proceeding *pro se* and does not have the ability to file electronically or receive

---

[1] This court concludes upon review of the docket that it is unlikely Plaintiff was properly served with Defendant's response to the sur-reply.

notices of electronic filing, Defendant is required to properly serve Plaintiff by serving a paper copy of any electronically filed document on him.

Upon review of the record, there is no indication that Defendant properly served Plaintiff with a paper copy of the motion for leave to file a response to Plaintiff's sur-reply (Doc. No. 83), or the response to Plaintiff's sur-reply. (Doc. No. 85). Accordingly, this court **ORDERS** Defendant to properly serve Plaintiff with the electronically filed documents at docket nos. 83 and 85, by August 3, 2026. To the extent Plaintiff contends Defendant's arguments should not be considered based on the failure to properly serve him, the court is not inclined to entertain such a suggestion. It is apparent from Plaintiff's response (*see* Doc. No. 86), that he was not in any way prejudiced by Defendant's failure to serve him as he was able to file a response in objection, and was made aware of the relevant filings upon an independent review of PACER.

As a final note, the court cautions Defendant that continued failure to properly serve Plaintiff, who is acting *pro se*, may result in the consideration of harsher remedies in the future.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

2