**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jeffrey Zenon, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| | ) | **FOR CLARIFICATION** |
| v. | ) | |
| | ) | |
| Prime Time Healthcare, LLC, | ) | Case No.: 1:25-cv-00097 |
| | ) | |
| Defendant. | ) | |

---

On July 28, 2026, the court issued an Order directing Defendant to properly serve Plaintiff with a paper copy of its motion for leave to file a sur-response to Plaintiff's sur-reply and its sur-response to Plaintiff's sur-reply (Doc. Nos. 83, 85, 87). The court declined to consider Plaintiff's suggestion that it disregard Defendant's arguments in its sur-response based on failure to properly serve him as it was apparent that Plaintiff was not prejudiced by the failure, was able to file a response in opposition, and was made aware of the relevant filings through an independent review of PACER.

On September 30, 2026, Plaintiff filed a *Motion for Clarification* and corresponding memorandum. (Doc. Nos. 92, 93). On October 5, 2026, Plaintiff filed a *Notice of Motion*. (Doc. No. 94). Within his motion, Plaintiff requested the court clarify its July 28, 2026, Order, and for a pretrial determination of whether Defendant may use Chief Operating Officer Jim Hall ("Mr. Hall") as a substantive witness or rely on his declaration or testimony after Defendant failed to identify him in its Rule 26(a)(1) disclosures and failed to supplement the disclosures prior to submitting Mr. Hall's affidavit as part of its summary judgment reply on June 22, 2026. (*See* Doc. No. 77).

On October 15, 2026, Plaintiff filed a *Notice of Non-Response.* (Doc. No. 95). Therein, Plaintiff gave notice that the Defendant failed to respond to his *Motion for Clarification*. The same day, Defendant filed a response to the motion, requesting the court strike Plaintiff's unauthorized filings and direct Plaintiff obtain leave of court before submitting further materials regarding the pending motion for summary judgment. (Doc. No. 16).

The court is not presently inclined to strike Plaintiff's filings. However, Plaintiff shall not submit any more filings regarding the pending summary judgment motion without obtaining leave of court to do so. Plaintiff is further advised that the court does not need, nor require, the submission of notices regarding the filing of motions or of a party's alleged non-responsiveness. This court is aware of the motions pending before it. However, this district has a substantial caseload, meaning that while parties may wish for immediate motion determination, such a wish is not feasible or practicable. Recurrent submission of notices does not aid in docket management.

As to the substance of Plaintiff's motion, Plaintiff requests the court clarify the July 28, 2026, Order to reflect that the court mistakenly reflected lack of service on the response to the sur-reply rather than the lack of service as to Defendant's reply and corresponding affidavits.

Upon review of this court's Order and Plaintiff's July 8, 2026, objection to Defendant's request for leave to file a response to Plaintiff's sur-reply, the court is not convinced further clarification is needed or required. Plaintiff's objection (Doc. No. 86) focused almost entirely on Defendant's motion for leave to file. (*See* Doc. Nos. 83, 86). The only reference to the Defendant's reply and affidavits is as follows:

> Defendant engaged in this exact conduct by filing a false Certificate of Service (*see ECF No. 79*) claiming it served its Reply Brief packet, which Plaintiff never received.

(Doc. No. 86 at 2) (emphasis in original).

The court properly considered Plaintiff's argument in its July 28, 2026, Order, wherein it required Defendant to properly serve the motion for leave to file and the response to Plaintiff's sur-reply. (Doc. No. 87).

While it is correct that Plaintiff argued in his sur-reply that contrary to the Defendant's "purported service," he did not receive the reply either by mail or electronic mail. (Doc. No. 82 at 2). A mere allegation that Plaintiff did not receive the filings is not enough. The evidence available in the record refutes the assertion that he did not receive the filings. Notably, Defendant filed a Certificate of Service on June 23, 2026, which stated that Plaintiff was served by mail on June 22, 2026. (Doc. No. 79). Pursuant to Federal Rules of Civil Procedure 5(b)(2)(C), service may be made by mail to the person's last known address. Service is considered complete upon mailing. *Id.*; *see also Cooper v. Steele*, No. 13-CV-2622 SRN/LIB, 2014 WL 3734255, at *8 (D. Minn. July 29, 2014) ("Other than [Defendant's] unsworn statement in the Notice of Removal and legal argument in his opposition memorandum, he offers no sworn evidence to support his contention that he did not receive Plaintiff's default memorandum by mail or email." (internal citations omitted)).

Even if the court did not mention or include all filings alleged to have been improperly served, clarification would still not be required, as this court previously determined there was no prejudice to Plaintiff, which the court continues to find true.

The court next considers Plaintiff's arguments as to Mr. Hall. This district has previously addressed issues like the one presently before the court and supplied the applicable law.

> If a party fails to identify a witness required under Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To determine whether a Rule 26 violation was justified or harmless, courts in the Eighth Circuit consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt trial; and (4) the moving party's bad faith or willfulness." "[T]he exclusion of evidence is a harsh penalty and should be used

> sparingly." "The 'use of an undisclosed witness should seldom be barred unless bad faith is involved.'"

*Fraase v. Bureau*, No. 3:23-CV-117, 2025 WL 947546, at *3 (D.N.D. Mar. 28, 2025), *aff'd sub nom. Fraase v. Advantage Credit Bureau*, 179 F.4th 654 (8th Cir. 2026) (internal citations omitted).

While Defendant may not have disclosed Mr. Hall as a witness in either its initial Rule 26 disclosures or supplemental disclosures, the court cannot conclude that the failure to identify Mr. Hall as a witness was harmful to Plaintiff.

Plaintiff did not suffer prejudice or surprise, and any potential prejudice could be cured by Defendant. A review of the record shows that the affidavit (Doc. No. 77) is not the first time Mr. Hall has been mentioned during this litigation. Defendant has previously provided a termination email from Mr. Hall to Plaintiff, and Plaintiff himself admits that he was aware of Mr. Hall. "Plaintiff's First Amended Complaint in the related consolidated case, No. 1:25-cv-00092-CRH, Doc. 9, filed April 28, 2025, identified Hall by name as Prime Time's COO and alleged that Hall terminated Plaintiff. Plaintiff does not dispute that he identified Hall in his own pleading." (Doc. No. 93 at 4) (internal citations and footnote omitted). Plaintiff was also aware of Mr. Hall at the time he filed his Complaint in state court prior to removal of this matter to federal court. (*See* Doc. No. 1-1 at 6-7).

The introduction of Mr. Hall's affidavit would further not disrupt the scheduled trial. Trial in this matter is not scheduled until January 25, 2027. (*See* Doc. No. 58). There is also a pending summary judgment motion filed by Defendant. (Doc. No. 67). Based on the pending motion and the fact that this matter is not scheduled for trial until early next year, the court is not convinced that the introduction of the affidavit would disrupt trial. Finally, the court finds there was no bad faith or willfulness. As previously articulated, Plaintiff was aware of Mr. Hall at the time this litigation commenced, and he has been mentioned throughout the litigation. It does not stand to

reason how Defendant acted with willfulness or bad faith considering the introduction of Mr. Hall is not new.

For the reasons stated above, Defendant's *Motion for Clarification* (Doc. No. 92) is **DENIED**. The court will not clarify its previous Order (Doc. No. 87), or bar the use of Mr. Hall as a witness.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court